UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY KONRATH, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-02784-LJM-DKL |
| ALLISON VANCE, INDIANAPOLIS MONTHLY, and EMMIS PUBLISHING CORPORATION, | ) |
| Defendants. | ) |

## ORDER REQUESTING ADDITIONAL EVIDENCE ON ATTORNEY FEES

This matter is before the Court on Defendants', Allison Vance, Indianapolis Monthly, and Emmis Publishing Corporation (collectively, the "Defendants"), Petition for Attorney Fees and Costs, seeking award of attorney fees in the amount of $49,878.80. Dkt. No. 73. The Defendants prevailed in this action when the Court found against Plaintiff Gregory Konrath ("Konrath") on the Defendants' Motion to Dismiss, pursuant to Indiana's Anti-SLAPP statute, Ind. Code §§ 34-7-7-1 *et seq.* *See* Dkt. No. 70.

In accordance with the Indiana anti-SLAPP statute, "a prevailing defendant on a motion to dismiss under [the statute] is entitled to recover reasonable attorney's fees and costs." Ind. Code § 34-7-7-7. The Court also stated in its Order on Anti-SLAPP Motion to Dismiss that the Defendants were entitled to recover their reasonable attorney fees. Dkt. No. 70 at 19.

When this Court decides substantive issues of state law, state law must be applied to determine the reasonableness of an attorney fee award. *See Dobbs v. DePuy*

1

*Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016); *see also, Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 838-39 (7th Cir. 2010) (applying state law to the determination of reasonable attorney fees where jurisdiction is premised on diversity of citizenship). Indiana Rule of Professional Conduct 1.5(a) ("Rule 1.5(a)") provides "guidance as to factors to be considered in determining the reasonableness of attorney fees." *Order for Mandate of Funds Montgomery Cty. Council v. Milligan*, 873 N.E.2d 1043, 1049 (Ind. 2007). Rule 1.5(a) lists the following non-exhaustive factors for determining whether a fee is reasonable:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

Ind. R. Prof. Cond. 1.5(a). *See also, Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 1009-10 (Ind. Ct. App. 2015). A "trial court may also look at the responsibility of the parties in incurring the attorney fees, and the trial judge has personal expertise he or she may use in determining reasonable attorney fees." *Cavallo*, 42 N.E.3d at 1009. Market rates actually billed to and paid by a particular client are also "strong evidence that [the rates] were reasonable." *Containment Tech. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-00997, 2009 WL 2750093 at *1 (S.D. Ind. Aug. 26, 2009) (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996)).

Although Defendants' counsel provided an affidavit and itemized invoice that detailed the services provided by Defendants' counsel and his firm, including costs, in connection to this action, the Court requires additional evidence to determine the reasonableness of the fees described. First, the Court requests that Defendants' counsel provide a statement regarding the fees actually billed to the Defendants in relation to this litigation. Defendants' counsel must also provide additional evidence to demonstrate that the rates for each attorney involved in action are reasonable and comparable to the rates of other attorneys in their respective markets with similar education and years of experience.

Therefore, Defendants' counsel shall have fourteen days from the date of this Order in which to provide the Court with the requested evidence. Upon receiving this evidence, the Court will determine the reasonableness of the Defendants' asserted attorney fees and costs.

IT IS SO ORDERED this 24th day of May, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert B. Thornburg
FROST BROWN TODD LLC
rthornburg@fbtlaw.com

GREGORY KONRATH
254068
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362