UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY KONRATH, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-02784-LJM-DKL |
| ALLISON VANCE, INDIANAPOLIS MONTHLY, and EMMIS PUBLISHING CORPORATION, | ) |
| Defendants. | ) |

## ORDER ON PETITION FOR ATTORNEY FEES AND COSTS

This matter is before the Court on Defendants', Allison Vance, Indianapolis Monthly, and Emmis Publishing Corporation (collectively, the "Defendants"), Petition for Attorney Fees and Costs. Dkt. No. 73. The Defendants prevailed in this action when the Court found against Plaintiff Gregory Konrath ("Konrath") on the Defendants' Motion to Dismiss, pursuant to Indiana's Anti-SLAPP statute, Ind. Code §§ 34-7-7-1 *et seq.* See Dkt. No. 70.

In accordance with the Indiana anti-SLAPP statute, "a prevailing defendant on a motion to dismiss under [the statute] is entitled to recover reasonable attorney's fees and costs." Ind. Code § 34-7-7-7. The Court also stated in its Order on Anti-SLAPP Motion to Dismiss that the Defendants were entitled to recover their reasonable attorney fees. Dkt. No. 70 at 19.

The Defendants now seek attorney fees and costs in the amount of $49,878.80 in light of the Court's order granting their Anti-SLAPP Motion to Dismiss. Dkt. No. 73 at 2.

In connection with their Petition for Attorney Fees and Costs, the Defendants provided an affidavit from their counsel, Robert B. Thornburg (the "Thornburg Aff."), Dkt. No. 74, and an itemized invoice (the "Itemized Invoice"), detailing the services provided by Defendants' counsel and his firm, including costs incurred by the Defendants in relation to this action. Dkt. No. 74, Ex. A. The Thornburg Aff. and Itemized Invoice indicate that work related to this action was performed by Frost Brown Todd LLC, members, Monica L. Dias, Susan Grogan Faller, Charles M. Pritchett, and Robert B. Thornburg, at a billable rate of $285.00 per hour. Thornburg Aff., ¶ 7; Itemized Invoice at 14. Defendants were also charged a billable rate of $225.00 per hour for work performed by Frost Brown Todd LLC, associates, Haley A. Johnston and Jennifer L. Schuster. Thornburg Aff., ¶ 8; Itemized Invoice at 14. Furthermore, work rendered by Frost Brown Todd LLC, paralegal Sarada Rose in connection with this action was billed at a rate of $110.00 per hour. Thornburg Aff., ¶ 9; Itemized Invoice at 14.

Upon the Court's request, Defendants also provided affidavits from J. Scott Enright and Gerald F. Lutkus to demonstrate the amounts that were billed to and paid by Defendants and the reasonableness the rates charged by Frost Brown Todd LLC, for this action. Dkt. No. 78, Exs. 1 & 2. Defendants further requested that the Court take judicial notice of the Affidavit of Daniel P. Byron that was submitted in connection with *CanaRX Services, Inc. v. LIN Television Corp.*, No. 1:07-cv-1482-LJM-JMS, to establish that the rates assessed for this action were reasonable.[1] Dkt. No. 78, Ex. 3. Konrath made no objection regarding the Defendants' claimed fees and costs.

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the Affidavit of Daniel P. Byron as it was submitted in connection with *CanaRX Services, Inc. v. LIN Television Corp.*, No. 1:07-cv-1482-LJM-JMS.

When this Court decides substantive issues of state law, state law must also be applied to determine the reasonableness of an attorney fee award. *See Dobbs v. DePuy Orthopedics, Inc.*, 842 F.3d 1045, 1048 (7th Cir. 2016); *see also, Fednav Int'l Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 838-39 (7th Cir. 2010) (applying state law to the determination of reasonable attorney fees where jurisdiction is premised on diversity of citizenship). Indiana Rule of Professional Conduct 1.5(a) ("Rule 1.5(a)") provides "guidance as to factors to be considered in determining the reasonableness of attorney fees." *Order for Mandate of Funds Montgomery Cty. Council v. Milligan*, 873 N.E.2d 1043, 1049 (Ind. 2007). Rule 1.5(a) lists the following non-exhaustive factors for determining whether a fee is reasonable:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

Ind. R. Prof. Cond. 1.5(a); *see also, Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 1009-10 (Ind. Ct. App. 2015). A "trial court may also look at the responsibility of the parties in incurring the attorney fees, and the trial judge has personal expertise he or she may use in determining reasonable attorney fees." *Cavallo*, 42 N.E.3d at 1009. Market rates actually billed to and paid by a particular client are also "strong evidence

3

that [the rates] were reasonable." *Containment Tech. Grp., Inc. v. Am. Society of Health Sys. Pharmacists*, No. 1:07-cv-00997, 2009 WL 2750093 at *1 (S.D. Ind. Aug. 26, 2009) (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996)).

While the majority of the attorney fees and costs described in the Thornburg Aff. and Itemized Invoice are reasonable, the Court finds that certain fees described within the Itemized Invoice are unreasonable and that Konrath should not be required to pay them. Specifically, the following services were not directly related to the particular substantive issues or proceedings involved in this litigation:

- 11/11/16 Communications with Client re background and staffing (CMP, 0.2 hours);

- 11/14/16 Prepare letter of introduction and representation to Client (RBT, 0.2 hours);

- 11/15/16 Email correspondence from and to Client re representation, case handling and claims against Emmis (RBT, 0.3 hours);

- 11/17/16 Email correspondence with Clients (RBT, 0.2 hours);

- 12/02/16 Telephone call with Clerk of US District Court to verify why there is a delay between when Dr. Konrath's pleadings are filed and when they are served (RBT, 0.2 hours);

- 12/07/16 Review docket sheet and Dr. Konrath's Complaint against Ms. Bierzychudek, et al. (RBT, 0.5 hours);

- 12/07/16 Review Dr. Konrath's November 15 Complaint against Mr. Pemberton for legal malpractice (RBT, 0.1 hours);

- 12/07/16 Receive and review Dr. Konrath's Complaint against M. Rogers, et al. (RBT, 0.1 hours);

- 12/07/16 Receive and review Dr. Konrath's November 21 Complaint against Mr. Pemberton (RBT, 0.2 hours);

- 12/07/16 Review Dr. Konrath's complaint against Client's Financial Assistance Fund of the ISBA (RBT, 0.1 hours);

- 2/01/17 Complete Budget Worksheet (SDR, 0.6 hours);

- 2/03/17 Review, prepare and edit budget (RBT, 0.9 hours); and

- 2/07/17 Prepare email correspondence to Client re completion of budget (RBT, 0.2 hours).

Dkt. No. 74, Ex. A at 2-3, 9. Furthermore, the following services were duplicative of other services provided by Defendants' counsel, as noted in the Itemized Invoice:

- 12/22/16 Prepare email correspondence to Client advising that Dr. Konrath has tendered full filing fee so stay will be lifted (RBT, 0.1 hours);

- 1/10/17 Receive and review evidence and source materials to be designated to court in support of anti-SLAPP motion for reporter's privilege concerns and to verify that no confidential sources or source material is being relied upon to ensure that future or additional liability concerns are not created by motion (RBT, 0.9 hours);

- 1/11/17 Participate in telephonic Pro Se Initial Pretrial Conference with R. Thornburg (SDR, 0.8 hours);

- 1/12/17 Meeting with J. Schuster and Miami County Prosecutor, B. Embrey, re Declaration to support Anti-SLAPP Motion to Dismiss (SDR, 0.5 hours);

- 1/25/17 Telephone conference with Client to review and discuss anti-SLAPP brief and affidavit (RBT, 0.4 hours);

- 1/26/17 Review and revise motion to stay (HAJ, 0.3 hours);

- 3/16/17 Receive and review Konrath's Response to Anti-SLAPP Motion to Dismiss and work on response strategy (RBT, 0.6 hours);

- 3/23/17 Receive and analyze letter from Dr. Konrath re settlement proposal (RBT, 0.1 hours);

- 3/27/17 Email correspondence from and to Client re response to Dr. Konrath's request (RBT, 0.3 hours); and

- 4/12/17 Email traffic with Client regarding response to Dr. Konrath's request (RBT, 0.3 hours).

*Id.* at 4, 6-7, 9-11.

Because the Court finds that the above-referenced services described in the Itemized Invoice are unreasonable, the Defendants' attorney fee award shall be reduced by the costs associated with these services in the amount of $1,958.00.

Therefore, the Defendants' Petition for Attorney Fees and Costs is **GRANTED in part and DENIED in part**. The Defendants are awarded attorney fees and costs in the amount of $47,920.80 to be paid by Konrath.

IT IS SO ORDERED this 8th day of June, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert B. Thornburg
FROST BROWN TODD LLC
rthornburg@fbtlaw.com

GREGORY KONRATH
254068
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362